IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ALAIN D. COOK,            ) | |
|                                       ) | |
|          Plaintiff,             ) | |
|                                       ) | |
| vs.                                 ) | CIVIL NO. 09-cv-975-DRH |
|                                       ) | |
| CITY OF ALTON, et al.,   ) | |
|                                       ) | |
|          Defendants.         ) | |

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Plaintiff Alain D. Cook has filed a 15-page "complaint" supplemented with 34 pages of exhibits that show illustrate some of the interactions Cook has had with law enforcement in Alton and Granite City. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915(e)(2), which provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
>     (A) the allegation of poverty is untrue; or
>     (B) the action or appeal –
>             (i) is frivolous or malicious;
>             (ii) fails to state a claim on which relief may be granted; or
>             (iii) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

In the complaint (Doc. 1), Cook has just one cause of action. As he states on the first page,

> Here on the 28, Day of Feb 09 I Alain D Cook File a Complaint Authorized by Article 3 of the US Constitution, in the 7 Federal Judicial Circuit Charges Made Relevant by the Defective Acts of All Parties in Privities with past State Case Numbers # 06-L-000025, 06-L000024. For Recklessness Negligence Violations of my Constitutional Rights, Therefore I Alain D. Cook Demand Justice for the 8 Amendment 4 counts of Cruel and Unusual Punishment / 14 Amendment 1 count of Equal Protection of the Law Due Process, Citizenship / 1 count of Discrimination of race and creed.

The next 13 pages of the "complaint" are just copies of the Pro Se Litigant Guide published in this District. The final page of the "complaint" is handwritten; Cook makes a vague allegation that he was kidnaped by an officer, and he then lists several federal rules as well as reference to "key" numbers used in legal research.

The reason that plaintiffs, even those proceeding *pro se*, for whom the Court is required to liberally construe their complaints, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), are required to associate specific defendants with specific claims is so these defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003) (a "short and plain" statement of the claim suffices under Fed. R. Civ. P. 8 if it notifies the defendant of the principal events upon which the claims are based); *Brokaw v. Mercer County*, 235 F.3d 1000, 1024 (7th Cir. 2000) ("notice pleading requires the plaintiff to allege just enough to put the defendant on notice of facts providing a right to recovery").

According to the Supreme Court, the threshold pleading requirement of FEDERAL RULE OF CIVIL PROCEDURE 8 requires a complaint allege "enough facts to state a claim to relief that is *plausible* on its face" in order to survive a Rule 12(b)(6) Motion to Dismiss for failure to state a claim for which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. at 1974 (clarifying

that a "heightened fact pleading of specifics" is not required)(emphasis added). In other words, the Supreme Court explained it was "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'" by providing "more than labels and conclusions," because "a formulaic recitation of the elements of a cause of action will not do . . . ." *Id*. at 1964-65 (alteration in original)(quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The plaintiff must plead factual allegations which show the right to relief exists beyond mere speculation by "rais[ing] a *reasonable expectation* that discovery will reveal evidence" to substantiate the plaintiff's claims. *Id*. at 1965. Thus, the Seventh Circuit has interpreted *Bell* as imposing a two-tiered requirement for a complaint to survive a Rule 12(b)(6) motion: (1) it "must describe the claim in sufficient detail to give the defendant 'fair notice of what the . . . claim is and the grounds upon which it rests," and (2) the "allegations must plausibly suggest that the plaintiff has a right to relief, raising the possibility above a 'speculative level.'" *E.E.O.C. v. Concentra Health Serv., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)(citing *Bell*, 127 S. Ct. at 1964-65, 1973 n.14).

Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*,143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.").

As quoted above, Cook's complaint contains no specific allegations against any particular defendant. Consequently, this complaint does not put any defendant on notice of the particular claims brought against him or her so that the defendant could respond properly to the complaint.

Accordingly, as pleaded, Cook has failed to state a viable claim against any named defendant, and the complaint is **DISMISSED** without prejudice. Cook is **GRANTED** leave to file an amended complaint, in accordance with this Memorandum and Order, within **THIRTY DAYS**

of the date of entry of this Order.

**IT IS FURTHER ORDERED** that upon conclusion of the thirty-day period, should Cook fail to file an amended complaint, this case will be closed for failure to comply with an order of this Court and for failure to state a claim upon which relief may be granted.  FED.R.CIV.P. 41(b); *see generally Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997)*; Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994).

**IT IS SO ORDERED.**

**DATED:   March 22, 2010.**

   /s/     DavidRHerndon
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**